UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

CHRISTOPHER MARK WILLIAMS,

        Defendant/Judgment Debtor,

   v.

ALLIED TRADE GROUP LLC,

        Garnishee

C17-1048 TSZ

ORDER

THIS MATTER comes before the Court on Defendant/Judgment Debtor Christopher Mark Williams's *pro se* Request for Hearing, docket no. 6, on the Writ of Continuing Garnishment Issued against his employer. For the reasons stated herein, Mr. Williams's request for hearing is DENIED.

**Background**

On May 4, 2007, judgment was entered against Mr. Williams in the United States District Court for the Western District of Washington in Seattle. *United States v. Christopher Mark Williams*, No. 06-CR-0415 RSL, docket no. 32. Pursuant to the judgment, Mr. Williams was ordered to pay $247,220.51 in criminal restitution and a $200 special penalty assessment. *Id.* As of June 21, 2017, a balance of $204,922.87 remains outstanding. Writ of Continuing Garnishment, docket no. 3.

On June 27, 2017, the Government filed an Application for Writ of Garnishment pursuant to 28 U.S.C. § 3205(c), docket no. 1. The Court issued the Writ of Garnishment on June 29, 2017, docket no. 3, and that same day the Government served on Mr. Williams a copy of the application, writ, notice of garnishment, and instructions to the judgment debtor, by first class mail, docket nos. 4, 5. On July 7, 2017, Mr. Williams filed a request for hearing form, docket no. 6, contending that the government failed to comply with the statutory requirements for the issuance of the writ because the Government did not provide Mr. Williams with "proper notice."

**Discussion**

The Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001 *et seq.*, provides "the exclusive civil procedures" for the United States to obtain satisfaction of a judgment in a criminal proceeding that imposes a fine assessment, penalty or restitution in favor of the United States. *See* 28 U.S.C. § 3001(a); *see also United States v. Duran*, 701 F.3d 912, 915 (11th Cir. 2012). The FDCPA provides the United States with several mechanisms to satisfy a judgment, one of which is a writ of garnishment. 28 U.S.C. §§ 3202, 3205. Pursuant to § 3205, a "court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

Upon commencement of an action to recover property under the FDCPA, the Government must prepare, and the clerk of court must issue, notice to the judgment

debtor following substantially the form set forth in 28 U.S.C. § 3202(b). 28 U.S.C.

§ 3202(b); *see also United States v. Tripodis*, 2016 WL 5389142, at *2 (N.D. Ga.

Sept. 27, 2016) (quoting *United States v. Peters*, 783 F.3d 1361, 1363 (11th Cir. 2015)).

The Government must then serve the judgment debtor with the notice, the writ issued by

the Court, and the Government's application therefor, together with instructions for

objecting to the garnishee's answer and for obtaining a hearing. 28 U.S.C. §§ 3202(c) &

3205(c)(3). Thereafter, the judgment debtor has two opportunities to object and obtain a

hearing. The judgment debtor (1) may move to quash the writ by requesting a hearing

within 20 days of receiving the notice required by § 3202(b), 28 U.S.C. § 3202(d); or

(2) may object to the garnishee's answer and request a hearing thereon within 20 days of

receipt of the garnishee's answer, 28 U.S.C. § 3205(c)(5).[1] "Although the [FDCPA]

states that the court 'shall hold a hearing' at the debtor's request, courts have denied a

hearing where the debtor did not object based on one of the issues specified in 28 U.S.C.

§ 3202(d), where the objection is plainly without merit, or where the objection was

simply a matter of statutory interpretation." *United States v. Bruneau*, 2013 WL

6409518, at *3 (D. Ariz. Oct. 23, 2013) (quoting *United States v. Miller*, 588 F. Supp. 2d

---

[1] 28 U.S.C. § 3202(d) provides that, if a judgment debtor timely requests a hearing, the issues at such hearing shall be limited:

  (1) to the probable validity of any claim of exemption by the judgment debtor;

  (2) to compliance with any statutory requirement for the issuance of the post-judgment remedy granted;

  (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue to—

      (A) the probable validity of the claim for the debt which is merged in the judgment; and

      (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d).

ORDER - 3

789, 797 (W.D. Mich. 2008)); *see also United States v. Marchand*, 2017 WL 2857722, at *2 (M.D. Ala. May 4, 2017) (noting that a "defendant is not entitled to a hearing where he fails to show that the government did not comply with a statutory requirement, or fails to present a colorable claimed exemption").

Here, a hearing under § 3205(c)(5) is not justified because Mr. Williams has raised no objection to the garnishee's answer. Mr. Williams is likewise not entitled to a hearing under § 3202(d) because he makes no claim of exemption and has failed to identify any deficiency in the Government's compliance with statutory requirements regarding notice. 28 U.S.C. § 3202; *see also Tripodis*, 2016 WL 5389142, at *2. The notice issued by the clerk is substantially in the form required by 28 U.S.C. § 3202(b), docket no. 4, the Government properly served Mr. Williams with the documents required by 28 U.S.C. §§ 3202(c) & 3205(c)(3), docket no. 5, and Mr. Williams clearly received actual notice of the writ, given that he returned the request for hearing form that was attached to the clerk's notice, docket no. 6. Mr. Williams has not shown that his objection to the notice provided by the Government has potential merit, and accordingly, Mr. Williams's request for hearing is DENIED.

IT IS SO ORDERED.

Dated this 14th day of August, 2017.

Thomas S. Zilly
United States District Judge

ORDER - 4